Bryan **CHUMBLEY**, Plaintiff,

v.

**BOARD OF EDUCATION FOR PEORIA DISTRICT 150,**
Defendant.

Case No. 14–1238

United States District Court,
C.D. Illinois,
**Peoria Division.**

Signed December 9, 2016

ATTORNEYS For Plaintiff, Julie L. Galassi, Dustin Jensen, Hasselberg Rock Bell & Kuppler, Associated Bank Building, Suite 200, 4600 N. Brandywine Dr., Peoria, IL 61614–5591

ATTORNEYS For Defendant, Brian R. Riordan, Joshua Michael Wolkomir, Paul W. Daugherity, Clausen Miller PC, 10 S. LaSalle St, Chicago, IL 60603–1098

## ORDER

Michael M. Mihm, United States District Judge

This matter is now before the Court on Defendant Board of Education for Peoria District 150's ("Defendant" or "the Board") Motion for Summary Judgment (ECF No. 63). For the reasons set forth below, Defendant's motion is DENIED IN PART and GRANTED IN PART.

## PROCEDURAL BACKGROUND

On September 30, 2014, Plaintiff Bryan Chumbley ("Plaintiff") filed his amended complaint (ECF No. 13), claiming Defendant: (1) interfered with Plaintiff's rights under the Family and Medical Leave Act ("FMLA"); (2) retaliated against Plaintiff for taking FMLA leave; and (3) violated Plaintiff's due process rights. On August 15, 2016, Defendant filed the present motion, asking the Court to grant summary judgment on all three counts. On November 14, 2016, the Court requested supplemental briefing with respect to the retaliation claim, and on December 2, 2016, the Court held a summary judgment hearing. This order follows.

## FACTUAL BACKGROUND

In 2005, Plaintiff was hired by District 150 as the Director of Research, Testing, and Assessment ("Director of Research"), a non-tenured position, pursuant to a

three-year contract. ECF No. 63–1 at 29–32; ECF No. 63–2. The contract included a clause which required Defendant to provide notice to Plaintiff by April 1st of the "final Contract year" of its intent to renew or not renew the contract. Without any notice, the contract would automatically extend for one year. ECF No. 63–2. In 2006, Plaintiff was assigned the responsibility of managing and administrating "Skyward," the District's database that contained confidential information regarding both students and employees. ECF No. 63–1 at 44, 47–48, 59. Plaintiff, a "director level" employee, had broader access to Skyward than "teacher level" employees. *Id.* at 56. On March 9, 2010, Plaintiff was informed in writing that he would be reassigned from Director of Research "to a teaching position consistent with [his] qualifications" beginning in the 2010–2011 school year, thereby fulfilling the notice clause of the contract. *Id.* at 154–57. When the new Superintendent, Dr. Grenita Lathan, took over, she ultimately rehired Plaintiff as Director of Research. ECF No. 63 at 4; ECF No. 66 at 5.

In May 2012, Plaintiff spoke with the then–Director of Human Resources, Terri Dunn, concerning job-related anxiety issues. ECF No. 63–1 at 97. Dunn suggested Plaintiff consider taking FMLA leave rather than tender his resignation. *Id.* at 97–98, 100. In late May or early June 2012, Plaintiff indicated to Lathan there were "some things [he] was experiencing" that he felt were impacting his job performance. *Id.* at 96–97. Plaintiff ultimately decided to take FMLA leave, and he requested it on October 2, 2012. *Id.* at 88. On October 9, 2012, the Board held an executive session in which the members of the Board discussed Plaintiff's request for leave. During that session, Lathan said the request was "frustrating because if [one

has] mental health issues most times the doctors immediately takes [him] out then, not a month down the road." ECF No. 67–4 at 1. Also at the executive session, Lathan informed the Board she had asked which aspect of his job Plaintiff liked best so that they could "reduce some of [his] anxiety and [his] stress." *Id.* at 3. Lathan later repeated she was frustrated, questioning why Plaintiff would go "around and tell people that he was going to be off" in a month. *Id.* at 4. Later in the session, a member of the Board brought up the idea of letting Plaintiff go before he took leave, discussing prior work evaluations which indicated negative performance issues. *Id.* at 18. Ultimately, the Board approved Plaintiff's application for FMLA leave, which was to last from November 1, 2012 to January 2, 2013. ECF No. 63–4 at 60; ECF No. 63–1 at 88, 120–21. When Plaintiff requested the leave, he said the gap between the request and the date the leave was to start was in order to tie up some loose ends in his department, which some considered unusual for a person taking FMLA leave. ECF No. 63–5 at 21.

Defendant alleges that on December 20, 2012, after Plaintiff's FMLA had commenced, Lathan discovered Plaintiff sent a letter guaranteeing payment for work done at two district schools to United Securities, a contractor, without her knowledge or authorization. ECF No. 63 at 5. Plaintiff, on the other hand, claims he was given in-person authorization by District Comptroller Dr. David Kinney. ECF No. 66 at 9. Defendant alleges Kinney was without knowledge of the guarantee, which was dated August 2, 2012, and did not learn of it until November 28, 2012. ECF No. 63 at 5. Defendant alleges Kinney then told Lathan he had not approved of the guarantee.[1] *Id.*

---

1. The preceding facts and any others discussed *infra* are collectively referred to as the

Defendant further alleges Lathan, while Plaintiff was still on leave, learned Plaintiff had given Bryan Devine, a teacher level employee, "superuser access" to Skyward. *Id.* This superuser access granted Devine unfettered access to the database. *Id.* Defendant claims this created a significant security risk (even though ultimately no data was breached), especially considering both Lathan and Devine were unaware Devine had been granted superuser access. ECF No. 79 at 34. Plaintiff, on the other hand, argues Lathan gave Plaintiff implicit authority "to take whatever steps necessary to complete" a project he and Devine were working on together.[2] ECF No. 66 at 44.

When Plaintiff was scheduled to return to work in January 2013, he requested to extend his FMLA leave by two weeks, and the District granted that request. ECF No. 63-1 at 120-21. Plaintiff alleges that when returned to work on January 14, 2013, his personnel badge did not allow him into the building and he had to wait for another employee to let him in. ECF No. 66 at 22. Plaintiff eventually reported to Lathan's office, where he, Lathan, and Geralyn Hammer, the director of employee services, had a meeting. ECF No. 63-4 at 25-28. Plaintiff claims he was asked for his keys, placed on administrative leave, and sent home during the meeting. ECF No. 66 at 22. Lathan does not recall placing Plaintiff on leave during the meeting. ECF No. 63-4 at 28. Plaintiff was, indeed, placed on paid leave starting on January 14, 2013.[3] ECF No. 66-4. On January 25, 2015, Plaintiff, Lathan, and Hammer had

another meeting during which Lathan gave Plaintiff a memorandum reassigning him to the Transportation department effective January 28, 2013. ECF No. 63-1 at 122; ECF No. 63-4 at 27-28; ECF No. 63-5 at 33-34; ECF No. 63-9. The memorandum cited the United Security and Devine justifications as the reasons he was being reassigned. ECF No. 63-9. The memorandum indicated Plaintiff had the right to prepare a written response.[4] *Id.* Lathan informed the Board of Plaintiff's reassignment at a meeting on January 28, 2013. ECF No. 63-13.

## STANDARD OF REVIEW

■ A court shall grant a motion for summary judgment where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A material fact is one that might affect the outcome of the suit. *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 598-99 (7th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "[C]ourts are required to view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (quoting *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)).

■ The moving party may meet its burden of showing an absence of a dispute as to an issue of material fact by demonstrating "that there is an absence of evi-

---

"United Security justification."

**2.** The preceding facts and any others discussed *infra* are collectively referred to as the "Devine justification."

**3.** Defendant disputes that this was forced administrative leave. ECF No. 79 at 10.

**4.** Plaintiff did not make a written objection to his reassignment until Plaintiff's counsel contacted Lathan on June 17, 2013. ECF No. 66 at 11; ECF No. 69-1.

dence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where a proposed statement of fact is supported by the record and not adequately rebutted, a court will accept that statement as true for purposes of summary judgment; an adequate rebuttal requires a citation to specific support in the record. *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

## DISCUSSION

Defendant moves for summary judgment on all three counts of Plaintiff's amended complaint. In short, Defendant argues Plaintiff would have been reassigned regardless of taking FMLA leave, cannot show a causal connection between his taking leave and his reassignment, and had no constitutionally protected property interest in continued employment. No matter the actual prospects at trial, the Court must keep in mind just how favorable the summary judgment standard is to a non-movant. Accordingly, as discussed *infra*, the Court finds a reasonable factfinder could find for Plaintiff on Counts I and II but not on Count III.

## COUNT I: FMLA INTERFERENCE

■ To prove an FMLA interference claim, a plaintiff must proved (1) he was eligible for FMLA protection; (2) his employer was covered by the FMLA; (3) he was entitled to leave under the FMLA; (4) he provided sufficient notice of his intent to take leave; and (5) his employer denied him at least one FMLA benefit to which he was entitled. *Simpson v. Office of Chief Judge of Circuit Court of Will County*, 559 F.3d 706, 712 (7th Cir. 2009). An employer may "present evidence to show that the employee would not have been entitled to his position even if he had not taken leave; the employee then must overcome the employer's assertion." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 636 (7th Cir. 2009) (citing *Kohls v. Beverly Enters. Wis., Inc.*, 259 F.3d 799, 804 (7th Cir. 2001)). Thus, if a reasonable trier of fact could find the employee would not have suffered the adverse employment action but for taking FMLA leave, summary judgment is inappropriate. *Kohls*, 259 F.3d at 804–05.

The only question with regard to the interference claim is whether Plaintiff was entitled to be reinstated. Defendant argues summary judgment is warranted because it would have reassigned Plaintiff regardless of him taking FMLA leave. Defendant cites the United Security and Devine justifications as proof it would have reassigned Plaintiff anyway; it was just a coincidence that Defendant learned of the incidents during Plaintiff's leave. Plaintiff, on the other hand, argues a reasonable factfinder could find Defendant's proffered reasons constituted pretext.

■ The Court agrees with Plaintiff. Defendant is smart to point out the remaining context of Lathan's comments about being "frustrated." ECF No. 79 at 6–7. Discounting the words on their face, however, would mean the Court was weighing the evidence rather than viewing it in the light most favorable to Plaintiff. A reasonable factfinder could find the frustration comments, as spoken, indicate frustration with Plaintiff taking FMLA leave, which then caused Defendant to reassign him. In addition, while timing alone "is not, by itself, a ticket to trial," *Simpson*, 559

F.3d at 713, the facts that Plaintiff's personnel badge allegedly no longer worked and that Lathan placed him on paid leave on the same day as his return from FMLA leave could allow a reasonable factfinder to conclude he was ultimately reassigned because he took FMLA leave. Moreover, a reasonable factfinder could credit Plaintiff's testimony that he received face-to-face authorization to make the payment guarantee, allowing the conclusion that the United Security justification was pretextual. A reasonable factfinder could also find Lathan had given Plaintiff implicit authority to grant Devine the access necessary to complete the project they were working on together and thus conclude the Devine justification was pretextual. Accordingly, the Court must deny summary judgment with respect to Count I.

## COUNT II: FMLA RETALIATION

█ Before engaging in its analysis, the Court finds it would be useful to discuss the recent case of *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016). In *Ortiz*, the Seventh Circuit held, *inter alia*: (1) the "convincing mosaic" approach to employment discrimination claims is not a legal requirement; and (2) "district courts must stop separating 'direct' from 'indirect' *evidence* and proceeding as if they were subject to different legal standards." *Ortiz*, 834 F.3d at 765 (emphasis added). Instead, courts should determine whether a reasonable juror could conclude a plaintiff would not have suffered an adverse employment action but for a particular distinguishing factor. *Id.* at 764. The *Ortiz* court continued by noting it overruled certain cases to the extent they "insist[ed] on the use of the direct-and-indirect framework" but noted the decision did not affect the burden shifting framework, sometimes known as the "indirect method," created by *McDonnell Douglas*

*Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Id.* at 765–66.

As of the date of this order, *Ortiz* has been cited by over fifty cases, yielding mixed results. One judge in the Northern District of Illinois is convinced the distinction between methods really is gone. *See Hudson v. Miramed Revenue Grp.*, 2016 WL 6948374 (N.D. Ill. Nov. 26, 2016) ("[T]he Seventh Circuit rejected the distinction between the direct and indirect methods . . . ."); *Zegarra v. John Crane, Inc.*, 218 F.Supp.3d 655, 2016 WL 6432587 (N.D. Ill. Oct. 31, 2016) (same); *Knapp v. Evgeros, Inc.*, 205 F.Supp.3d 946, 2016 WL 4720026 (N.D. Ill. Sept. 9, 2016) (same). Other courts, however, view *Ortiz* as merely clarifying how courts should have been approaching the "direct method" of proving an employment retaliatory discrimination claim, namely by considering all evidence "in a single pile." *See Davis v. Bd. of Ed. of Peoria School Dist.*, 2016 WL 5660375 (C.D. Ill. Sept. 29, 2016) (citing *Ortiz* in reference to direct method only); *Ortiz*, 834 F.3d at 766. *See also Watkins v. Learn It Systems*, 2016 WL 5080490 (N.D. Ill. Sept. 20, 2016).

The parties seem to be in agreement that *Ortiz* not only clarifies how to (or not to) categorize evidence in employment discrimination cases, but also eliminates the distinction between the direct and indirect methods of proving an FMLA retaliation claim. ECF No. 81; ECF No. 82. This Court disagrees with their characterization, as it believes Judge Shadid's interpretation in *Davis* is correct. *Ortiz* is about evidence. This Court believes it stands for the proposition that both direct and circumstantial (or "indirect") *evidence* can be used to be prove retaliation under the direct *method*. It had no bearing on the use of the indirect method. Ultimately, however, *Ortiz*'s effect on employment retaliation cases is not determinative in the

present matter, as the Court finds Plaintiff can survive summary judgment regardless of how one reads *Ortiz*.

 *Ortiz* provides the ultimate governing standard: whether the evidence would permit a reasonable factfinder to conclude Plaintiff's particular characteristic (here, that he took FMLA leave) caused the adverse employment action. *Ortiz*, 834 F.3d at 765. Put into more familiar terms: "[t]o survive summary judgment under the direct method, [Plaintiff] must present evidence of '(1) a statutorily protected activity; (2) a materially adverse action taken by [Defendant]; and (3) a causal connection between the two.'" *Simpson*, 559 F.3d at 717 (quoting *Caskey v. Colgate–Palmolive Co.*, 535 F.3d 585, 593 (7th Cir. 2008)). No matter how the test is phrased, however, "[e]vidence is evidence." *Ortiz*, 834 F.3d at 765. Thus, a lack of "direct" evidence will not automatically preclude Plaintiff from surviving summary judgment. Rather, a Plaintiff can rely on, *inter alia*, "suspicious timing, ambiguous statements from which a retaliatory intent can be drawn . . ., or evidence that the employer offered a pretextual reason" for the adverse action." *Pagel v. TIN Inc.*, 695 F.3d 622, 631 (7th Cir. 2012).

For the same reasons as stated *supra*, pages 6–7, the Court finds a reasonable factfinder could conclude the United Security and Devine Justifications constituted pretext. Accordingly, the Court also must deny summary judgment with respect to Count II.

## COUNT III: VIOLATION OF DUE PROCESS

 "To establish a due process claim, [Plaintiff] must demonstrate (1) that he had a constitutionally protected proper-

ty interest, (2) that he suffered a loss of that interest amounting to a deprivation, and (3) that the deprivation occurred without due process of law." *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007). Because Plaintiff was employed in Illinois, the Court looks to Illinois law to determine whether Plaintiff had a property interest in his job. *Id.* Illinois law provides a person has such a property interest "only where he has a legitimate expectation of continued employment based on a legitimate claim of entitlement," which must be proven by "a specific ordinance, state law, contract, or understanding limiting the ability of the state or state entity to discharge him." *Id.*

 Defendant argues the Court should grant summary judgment on Plaintiff's due process claim because Plaintiff had no constitutionally protected property interest and, in any case, Plaintiff's due process claim would fail on the merits. ECF No. 63 at 13–15; ECF No. 79 at 36–38. Defendant claims the 2005 contract was no longer operative at the time. ECF No. 63 at 14. Plaintiff disputes this, alleging he could only be reassigned for cause. ECF No. 66 at 52. The Court agrees with Defendant. The March 9, 2010, letter served as written notice of not renewing the contract, even if it previously had extended from year to year. Plaintiff admitted as much in his deposition; when asked whether the letter was "consistent with giving notice of not renewing the contract prior to April 1st," Plaintiff answered in the affirmative. Furthermore, Geralyn Hammer testified Directors like Plaintiff were at-will employees. ECF No. 63–5 at 45, 84. Plaintiff responds merely by pointing to the 2005 contract which, at the time of reassignment, was no longer operative.[5]

---

5. Plaintiff points to the production of the contract in a discovery response by Defendant, but it is not relevant here. The discovery request asked for documents setting forth pro-

Plaintiff further points to Lathan's statement to Defendant that "[b]y March 1 we will have to make some decision on what we are doing with [Plaintiff]," ECF No. 63–13 at 5, presumably to show Defendant thought the 2005 contract was still operative. But Plaintiff conveniently left out the next sentence: "[Plaintiff] does not have a contract or anything but just to be on the safe side and follow the schedule." *Id.* Nor does Plaintiff's *belief* that he could only be reassigned for cause constitute an "understanding limiting the ability of [Defendant] to [reassign] him." *Moss*, 473 F.3d at 700. Even if the Court agreed Plaintiff could only be reassigned for cause while the contract was operative, Plaintiff's reassignment could not have violated his due process rights because the contract was, in fact, not operative. Accordingly, Plaintiff had no property interest to protect. Because the Court finds no property interest, it need not discuss whether the procedures Defendant used to inform Plaintiff of his reassignment were sufficient for due process purposes. Accordingly, the Court grants summary judgment with respect to Count III.

### CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (ECF No. 63) is DENIED IN PART and GRANTED IN PART. Summary judgment is denied as to Counts I and II and granted as to Count III.

cedures for reassigning an individual in Plaintiff's position. While Defendant produced the contract actually executed by Plaintiff, it is clearly a standard form contract used for director-level employees.